UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

In re:                                               )
                                                     ) MDL Case No. 1:12-md-2343
SKELAXIN (METAXALONE)                                ) Lead Case Nos: 2:12-cv-83 *Direct Purchasers*
ANTITRUST LITIGATION                                 )                1:13-cv-5 *Rite Aid Plaintiffs*
                                                     )                1:12-cv-203 *Walgreen Plaintiffs*

O R D E R

Defendants King Pharmaceuticals, Inc. (King) and Mutual Pharmaceutical Company, Inc. (Mutual) move jointly to compel the Direct Purchaser Plaintiffs (DPPs), the Rite Aid Plaintiffs and the Walgreen Plaintiffs to provide discovery from their assignors [Doc. 372]. Oral argument was held before the undersigned Magistrate Judge on November 20, 2013. For the reasons stated herein, Defendants' motion to compel is RESERVED in part and GRANTED in part.

*The Direct Purchaser Plaintiffs*

At the hearing before the undersigned, Defendants announced a provisional agreement with the DDPs and requested a continuance of that portion of this motion pertaining to the DPPs. The undersigned granted the continuance and, accordingly, the undersigned RESERVES ruling on that portion of this motion which applies to the DPPs.

*The Rite Aid Plaintiffs and the Walgreen Plaintiffs*

The Rite Aid Plaintiffs and the Walgreen Plaintiffs are not direct purchasers of Skelaxin; they have obtained their status as direct purchasers in this litigation by virtue of assignments of claims from the wholesalers Cardinal Health, Inc., McKesson Corp., AmerisourceBergen Corp., and Frank W. Kerr which did purchase Skelaxin directly from the Defendants. Defendants seek documents directly from these assignors by serving discovery requests pursuant to Fed. R. Civ.

1

P. 34 on their assignees, the Rite Aid Plaintiffs and the Walgreen Plaintiffs.  The Rite Aid Plaintiffs and the Walgreen Plaintiffs argue that Defendants should be required to obtain the requested discovery themselves directly from the assignors by means of a subpoena pursuant to Fed. R. Civ. P. 45.

The Defendants assert the Plaintiffs cannot use their assignments to evade their discovery obligations.  The undersigned finds their arguments well taken.   A party cannot acquire claims and then litigate free of the discovery obligations that burdened the claim before assignment. *See JP Morgan Chase Bank v. Winnick*, 228 F.R.D. 505, 506 (S.D.N.Y. 2005) (it would be "both logically inconsistent and unfair to allow the right to sue to be transferred to assignees . . . free of the obligations that go with litigating a claim").  If that were permitted, parties could avoid reciprocal disclosure and frustrate the federal rules through the mechanism of assignment. Courts therefore routinely require parties to provide discovery from their assignors. *See, e.g.*, *id.* at 507 (assignees had obligation to provide discovery from assignors); *JP Morgan Chase Bank N.A. v. KB Home*, No. 2:08-cv-1711, 2010 WL 1994787, at *4-6 (D. Nev. May 18, 2010) (plaintiffs must produce documents from assignors or risk sanctions); *Bank of New York v. Meridian BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146-49 (S.D.N.Y. 1997) (granting motion to compel production of all relevant documents in the assignor's possession); *Fireman's Mut. Ins. Co. v. Erie-Lackawanna R.R. Co.*, 35 F.R.D. 297, 298-99 (N.D. Ohio 1964) (requiring assignee to respond to interrogatories based on information in the possession of its non-party assignor).

Accordingly, Defendants' motion, as it applies to the Rite Aid Plaintiffs and the Walgreen Plaintiffs, is GRANTED.  The Rite Aid Plaintiffs and the Walgreen Plaintiffs are DIRECTED to obtain the requested discovery, with one exception, from their assignors.  The undersigned will *not* compel production of generic by-pass information.  As to the other

discovery requests, the Rite Aid Plaintiffs and the Walgreen Plaintiffs may subpoena their assignors pursuant to Fed. R. Civ. P. 45 in order to obtain the requested discovery. Subpoenas should issue forthwith.

      SO ORDERED.

      ENTER.

                                          S/*William B. Mitchell Carter*
                                          UNITED STATES MAGISTRATE JUDGE