UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| In re: | ) | Case No. 1:12-md-2343 |
| | ) | |
| Skelaxin (Metaxalone) Antitrust Litigation | ) | Judge Curtis L. Collier |

## MEMORANDUM & ORDER

Before the Court is an objection filed by Walgreens and Rite-Aid Plaintiffs ("Plaintiffs") (Court File No. 442) to the Magistrate Judge's order granting Defendants King Pharmaceuticals LLC's and Mutual Pharmaceutical Company, Inc.'s (collectively, "Defendants") motion to compel (Court File No. 448). Defendants' motion sought to compel Plaintiffs to retrieve discovery from their assignors. Concluding that assignee plaintiffs have an obligation to obtain discovery from their assignors, the Magistrate Judge granted the motion. For the following reasons, the Court **DENIES** Plaintiffs' objection.

Pursuant to Federal Rule of Civil Procedure 72(a), objections to a Magistrate Judge's order on a non-dispositive matter must be filed within 14 days after the objecting party receives the order. When considering a timely objection, a district court may modify or set aside any portion of the Magistrate Judge's order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This standard "only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." *Nisus Corp. v. Perma-Chink Sys., Inc.*, 327 F. Supp. 2d 844, 851 (E.D. Tenn. 2003) (citation omitted). If the order is not clearly erroneous or contrary to law, the district court will affirm the order.

The Magistrate Judge's ruling in this case was neither erroneous nor contrary to law. Plaintiffs argue the ruling is contrary to law that requires the party on whom a Rule 34 subpoena is served have actual possession, custody and control, or the legal right to obtain documents on

demand. *See* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control . . . ."); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) ("[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand.").

However, Plaintiffs then concede that a number of courts have required *assignees* of claims–such as Plaintiffs–to obtain necessary discovery from their assignors. *See, e.g.*, *JP Morgan Chase Bank N.A. v. KB Home*, No. 2:08-cv-1711, 2010 WL 1994787, at *4-6 (D. Nev. May 18, 2010); *JP Morgan Chase Bank v. Winnick*, 228 F.R.D. 505, 506 (S.D.N.Y. 2005); *Bank of N.Y. v. Meridian BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146-49 (S.D.N.Y. 1997); *Fireman's Mut. Ins. Co. v. Erie-Lackawanna R.R. Co.*, 35 F.R.D. 297, 298-99 (N.D. Ohio 1964). Plaintiffs attempt to distinguish these cases by arguing that courts only order assignees to obtain discovery from assignors when the defendant could not obtain service itself. Contrary to this representation, courts have focused on the underlying principles of discovery and the nature of claims by assignment. *E.g.*, *Bank of N.Y.*, 171 F.R.D. at 149 ("It would be patently unfair if DIB were able to continue to discover relevant information from BNY while relegating BNY to seek information from Stanbic as a non-party."); *Firemen's Mut.*, 35 F.R.D. at 299 ("In an action such as this, where the plaintiff is before the Court as the assignee of the party to whom the alleged wrong was done, it would be unusual for the plaintiff to have personal knowledge of all of the facts. To allow the plaintiff to take advantage of that circumstance would be to give it an advantage not intended or appropriate under the philosophy of the Federal Rules of Civil Procedure.").

2

For instance, in *JPMorgan Chase*, the assignee-plaintiff made the same argument Plaintiffs make here: that the documents were not within its possession and control and that "it is not more burdensome for defendants to obtain discovery from the Banks than it is for JPM, and defendants are better situated to enforce disputed discovery from any unwilling Bank." 228 F.R.D. at 506. The court's reasoned response well articulates the weakness of Plaintiffs' position:

> It is both logically inconsistent and unfair to allow the right to sue to be transferred to assignees of a debt free of the obligations that go with litigating a claim. If the plaintiff's theory carried the day, the assignor would be able to assign a claim more valuable than it could ever have, because its claim, if pursued by the assignor, would entail certain obligations that, when assigned, would magically disappear. Stated another way, on plaintiff's theory, by assigning their tort claims, the Banks also shifted onto defendants the cost of third-party discovery, where the third parties are the very institutions asserting that they were defrauded.
>   It would be unfair to the defendants to permit plaintiff and the assignees to divorce the benefits of the claims from the obligations that come with the right to assert them, to the detriment of defendants. The burden of these discovery obligations is not insubstantial. Many of the original lenders are located outside the United States and thus beyond the subpoena power of the Court. Even in connection with some domestic parties that are not within the immediate power of this Court, defendants would have to persuade courts in other districts, unfamiliar with the litigation, to enforce subpoenas. The claims being asserted are those of the original lenders. They cannot be asserted by an agent or assignee without the concomitant obligation to produce relevant discovery to defendants. If plaintiff and the assignees failed to obtain rights to insist on cooperation from their assignors in providing such discovery, and cannot persuade the lending Banks to cooperate now, that is their problem, not defendants'.

*Id.* at 506-07. Thus Plaintiffs' insistence that this ruling was primarily based on the inability of the defendants to obtain the necessary discovery through process is simply incorrect. Although the court did state that some of the assignors were outside of the compulsory process of the court, some were not. But the court's order was not limited to those assignors who were outside of the court's subpoena power. *Id.* at 507 (". . . JPM and the Real Parties in Interest have the duty to produce the documents, information, and witness testimony to which defendants would be entitled in discovery

3

from parties under the Federal Rules of Civil Procedure, just as if the Banks had brought this action themselves on their own claims."). Moreover, the crux of the court's analysis is applicable here: it would be wholly unfair for Plaintiffs to step into the shoes of the assignors for the purposes of bringing their claims and not also assume a claimant's attendant discovery obligations. If assignee-plaintiffs were so empowered, nearly every valuable case would be run by assignment as an end-run around discovery. The Court will not countenance such a strategy.

Finally, Plaintiffs argue the requested discovery will distract from the upcoming damages trial. The Court is confident Plaintiffs have the resources and wherewithal to prosecute their claims and respond to discovery requests as any other litigant would be required to do.

For the foregoing reasons, the Court **DENIES** the objection (Court File No. 442).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**