UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

In re:                                          )
                                                )
                                                )      Case No. 1:12-md-2343
Skelaxin (Metaxalone) Antitrust Litigation      )
                                                )
                                                )      Judge Curtis L. Collier

# **O R D E R**

Before the Court are two motions for class certification in this pharmaceutical antitrust case.[1] Plaintiffs Johnson's Village Pharmacy, Inc.; Russell's Mr. Discount Drugs, Inc.; Knight Pharmacy, Inc.; and Bidwell Pharmacy & Medical Supply, Inc. seek certification of an Indirect Purchaser Class ("Indirect Purchasers") (Court File No. 158). Plaintiffs United Food and Commercial Workers Union and Midwest Health Benefits Fund; Pirelli Armstrong Retiree Medical Benefits Trust; Allied Services Division Welfare Fund; Plumbers and Pipefitters Local 572 Health and Welfare Fund; Laborers Trust Fund for Northern California; and Louisiana Health Service Indemnity Company seek certification of an End Payor Class ("End Payors") (Court File No. 167). Defendants King Pharmaceuticals LLC's ("King") and Mutual Pharmaceutical Company, Inc. ("Mutual") (collectively, "Defendants") filed memoranda opposing certification of both classes (Court File Nos. 252, 281), to which both classes replied (Court File Nos. 338, 359).[2] On November 15, 2013, the

---

[1] Another putative class of direct purchasers had also filed a motion for class certification. On the eve of the November 2013 hearing, however, the direct purchasers and Defendants informed the Court they had reached a potential settlement and requested the Court stay any consideration of the pending motion for class certification until the settlement was finalized. Accordingly, the Court does not discuss this motion.

[2] Defendants filed a motion for leave to file a surreply, but the motion was in fact the surreply brief itself (Court File No. 382). Indirect Purchasers and End Payors opposed the motion (Court File

Court heard oral argument on these motions. Counsel for all moving parties were present and were well prepared. As was the case with respect to the motion to dismiss, the Court found oral argument helpful to the resolution of these motions and commends counsel for their performance.

For the reasons articulated in this Order's accompanying memorandum, the Court **DENIES** both motions for class certification (Court File Nos. 158, 167). With respect to End Payors, the Court concludes they have failed to demonstrate the proposed class is ascertainable. Given the discrepancy between End Payors' expert's testimony and the class definition, the Court cannot determine which entities or individuals are members of the class and which are not. It appears this determination may require a transaction-by-transaction inquiry, which would be inconsistent with a class action. Moreover, even were the Court to consider End Payors' class definition at face value, recent Supreme Court precedent could preclude certification. The class definition also poses problems of typicality and adequacy of representation that counsel against class treatment.

With respect to Indirect Purchasers, the Court concludes they have failed to make an adequate choice-of-law showing. Tennessee law does not apply to a nationwide class regardless of the fact that the statute at issue may be available to nonresidents in certain situations. Moreover, Indirect Purchasers have failed to contend with Defendants' argument against certification of their alternative state subclasses. Having failed to meet their burden, the Court will not grant Indirect Purchasers' class certification motion.

End Payors have also filed a motion for partial summary judgment and a motion to strike

---

Nos. 403, 404). The local rules specifically state that "[n]o additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without *prior* approval of the Court." E.D. Tenn. L.R. 7.1(d) (emphasis added). The Court reluctantly **GRANTS** the motion given that the brief has already been filed. The Court cautions the parties that it will not look kindly upon further disregard of the local rules.

expert testimony regarding Defendants's "pass on" defense (Court File Nos. 354, 356). Because the Court declines to certify the class, the Court **DENIES WITHOUT PREJUDICE** these motions (Court File Nos. 354, 356). Individual end-payor plaintiffs may raise these issues in subsequent dispositive motions particular to the facts and state law relevant to their respective cases.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

3