THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| In Re: | Lead Case No. 12:-cv-83 |
|---|---|
| SKELAXIN (METAXALONE) ANTITRUST LITIGATION | MDL No. 2343<br>Judge Curtis L. Collier |
| THIS DOCUMENT RELATES TO: | |
| End Payor Class Actions<br>Indirect Purchaser for Resale Class Actions | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO KING'S MOTION FOR A PROTECTIVE ORDER DIRECTING PLAINTIFFS TO WITHDRAW THE SUBPOENA SERVED ON KING'S OUTSIDE FORMER COUNSEL FOR PRODUCTION OF DOCUMENTS RELATING TO THE ELAN V. KING LAWSUIT**

For the reasons set forth herein, Plaintiffs'[1] Subpoena (the "Cravath Subpoena") upon Cravath, Swaine & Moore LLP ("Cravath") is proper and King's motion for a protective order should be denied.

## PROCEDURAL BACKGROUND

On December 23, 2013, King filed its Memorandum in Opposition to End-Payor Plaintiffs' and Indirect Purchaser for Resale Plaintiffs' Emergency Motion to Compel Defendant King Pharmaceuticals LLC to Produce Documents Relating to the *Elan v. King* Lawsuit [Dkt. No. 471] ("MTC Opposition"). In King's MTC Opposition it asserted:

> Plaintiffs argue that Cravath, Swaine & Moore LLP's ("Cravath") litigation files related to the 2003 NY Litigation are within King's possession, custody or control and that King has refused to comply with its discovery obligations by refusing to ask for Cravath's files. King is under no such obligation. <u>Plaintiffs did not issue a Rule 45 subpoena for Cravath's file</u>, but rather are seeking to count Cravath as just an additional King document custodian when, in fact, neither Cravath nor any of its lawyers were listed as custodians when Plaintiffs and King agreed to the list of custodians. King had, and has, no duty to collect documents from Cravath or any other person or entity not on the negotiated list.

---

[1] "Plaintiffs" includes end-payor class plaintiffs and indirect purchaser for resale plaintiffs.

MTC Opposition at 15 (emphasis added).

Given King's statement concerning its interpretation of its discovery obligations (or lack thereof) as it pertained to Cravath, Plaintiffs issued the Cravath Subpoena on January 2, 2014. *See* Decl. of Joseph Kohn in Support of King's Mot. for a Protective Order Directing Pls. to Withdraw the Subpoena Served on King's Former Outside Counsel For Production of Documents Relating to the *Elan v. King* Lawsuit [Dkt. No. 502] ("Kohn Declaration") at Exhibit 1.

On January 16, 2014, Cravath served its Responses and Objections of Non-Party Cravath, Swaine & Moore LLP to Plaintiff's Subpoena to Produce Documents ("Cravath Objections"). A copy is attached as Exhibit A hereto. Cravath has not moved to quash the Cravath Subpoena.

## ARGUMENT

### A. The Cravath Subpoena Was Proper

After King affirmatively stated in its MTC Opposition that it was under no obligation to ask for or produce the Cravath's files, Plaintiffs served the Cravath Subpoena to ensure that they would be able to receive these highly relevant documents from some source. Plaintiffs believe that Cravath is likely to have such documents, as King itself stated that Cravath archived over thirty boxes of files from *Elan Corp. v. King Pharmaceuticals, Inc.,* (Case No. 600827/2003) (Sup. Ct. N.Y. Co.) (the "*Elan v. King* Litigation") *See* Declaration of Edward of Grambling Pursuant to 28 U.S.C. § 1746 [Dkt. No 471-1]. Given the various litigation deadlines in the instant action and King's current unwillingness (or inability) to produce these important documents, Plaintiffs do not have the luxury of being able to wait until a ruling on the Emergency Motion to Compel (a ruling which Plaintiffs believe will be in their favor) to determine their other options for obtaining these documents.

2

King has admitted that it does not construe Plaintiffs' discovery requests on it to encompass documents possessed by Cravath, and instructed Plaintiffs that they would need to subpoena Cravath in order to get the requested documents. MTC Opposition at 15 ("Plaintiffs <u>did not issue a Rule 45 subpoena for Cravath's file</u>, but rather are seeking to count Cravath as just an additional King document custodian . . . . King had, and has, no duty to collect documents from Cravath or any other person or entity not on the negotiated list.") (emphasis added.) King is now asserting the contradictory positions that (1) King does not construe Cravath to be under its control as it pertains to Plaintiffs' document requests, and (2) Plaintiffs' attempts to get the documents from Cravath directly are nonetheless improper "end arounds."

Contrary to King's assertions that the Cravath Subpoena "is simply an attempt to circumvent the discovery process by giving [Plaintiffs] a second opportunity to procure these documents, notwithstanding how the Court rules on their pending motion," Memorandum Motion for Protective Order Directing Plaintiffs to Withdraw the Subpoena Served on King's Former Outside Counsel for Production of Documents Relating to the *Elan v. King Lawsuit* [Dkt. No. 501] at 6, the Cravath Subpoena is not an improper circumvention of the Rules or the pending Motion to Compel. First, as stated above, Plaintiffs were not made aware of Cravath's role in the "control" of documents concerning the *Elan v. King* Litigation until right before the close of fact discovery. Had King made Plaintiffs aware of Cravath's role before that point, Plaintiffs would have acted sooner to obtain such documents. King should not now be able to benefit from its lack of disclosure to prevent Plaintiffs from obtaining these clearly relevant documents.

Second, given that this Court will be hearing the Motion to Compel and the instant Motion simultaneously on February 10, 2014 [Dkt. No. 504], it likely that these issues will be

3

decided in tandem, and it is unlikely that Plaintiffs will get this "second opportunity . . . notwithstanding" the Court's ruling on the Motion to Compel.

### B. King's Supposed June 12, 2003 Limitation Has No Relevance Here

King's argument that the Cravath Subpoena is improper on the grounds that the documents requested predate a self-serving supposed (but non-existent) June 12, 2003 cut-off date is unavailing. Plaintiffs' Document Requests 7 and 8 request communications between King and Elan concerning due diligence as to the '128 and '102 Patents and the life cycle management of Skelaxin. *See* Kohn Decl., Ex. 2 at 8. These topics were squarely at issue in the *Elan v. King* Litigation. While King's General Objection No. 2 purports to limit the time frame of its production to June 12, 2003 to March 31, 2010, *see* King's Responses to Plaintiffs' First Request for Production of Documents, Kohn Decl. Ex. 2 at 2, King subsequently agreed that it "would not refuse to produce an otherwise identified, collected and responsive, non-privileged document based on the June 12, 2003 restriction that is set forth in General Objection No. 2." June 25, 2013 letter from Andrew Solow to Bradley Demuth, Kohn Decl, Ex 5, at 2. Accordingly, because King rescinded its General Objection No. 2 as it pertained to otherwise relevant documents, it cannot now rely on this objection to hide the documents sought by the Cravath Subpoena from the discovery process. Furthermore, Cravath does not provide a similar temporal restriction in the Cravath Objections. See Ex. A hereto. Accordingly, to the extent any temporal restriction based on the June 12, 2003 date exists, such restriction has no relevance here.

### C. King's Arguments Concerning Burden Are Unavailing

Cravath has not objected to the relevancy documents requested by Cravath Subpoena, and King has not argued, nor can it, that documents requested in the Cravath Subpoena

4

concerning the *Elan v. King* Litigation are not relevant to the instant action. Rather, King argues that compliance with the Cravath Subpoena imposes an undue burden on Cravath. However, Cravath, as former counsel to King, can surely work with King to provide these documents to Plaintiffs on an efficient, cost-effective basis. Furthermore, to the extent that King argues that many of the documents requested are protected by the attorney-client privilege, work-product doctrine, joint-defense doctrine, or other applicable privilege, Plaintiffs do not seek privileged documents, nor do they expect King to waive any privilege that can be properly asserted. For the reasons herein, as well as the reasons put forth in the Motion to Compel, the non-privileged documents requested by the Cravath Subpoena are relevant, and Plaintiffs should be allowed to obtain them to support their claims, regardless of whether the documents come from King or Cravath.

## CONCLUSION

For the foregoing reasons, the Cravath Subpoena is proper and should not be withdrawn, and therefore King's Motion for Protective Order Directing Plaintiffs to Withdraw the Subpoena Served on King's Former Outside Counsel for Production of Documents Relating to the *Elan v. King* Lawsuit [Dkt. No. 500] should be denied in its entirety.

Dated January 31, 2014                    */s/ Gordon Ball*
Gordon Ball
LAW OFFICES OF GORDON BALL
7001 Old Kent Drive
Knoxville, TN 37919
Tel: (865) 525-7028
*Lead Counsel for the Indirect Purchaser for Resale Class*

Kimberly A. Kralowec
Kathleen Styles Rogers
THE KRALOWEC LAW GROUP
188 The Embarcadero, Suite 800
San Francisco, CA 94105
Tel: (415) 546-6800

Brent W. Landau
HAUSFELD LLP
1604 Locust Street, Second Floor
Philadelphia, PA 19103
Tel: (215) 985-3273

Keith D. Stewart
BURROUGHS, COLLINS & NEWCOMB,
PLC
900 South Gay Street, Suite 600
Knoxville, TN 37901-0551
Tel: (865) 342-1040
Fax: (865) 342-1041

Robert L. Bowman
KRAMER RAYSON LLP
800 S. Gay Street, Suite 2500
Knoxville, TN 37929
Tel: (865) 525-5134

Arthur N. Bailey
ARTHUR N. BAILEY & ASSOCIATES
111 West Second Street, Suite 4500
Jamestown, NY 14701
Tel: (716) 664-2967

Scott H. McNutt
Shane Moses
MCNUTT LAW GROUP, LLP
188 The Embarcadero, Suite 800
San Francisco, CA 94105
Tel: 415-995-8475

Michael D. Hausfeld
Nathaniel C. Giddings
HAUSFELD LLP
1700 K Street, Suite 650
Washington, DC 20006
Tel: (202) 540-7200

Lee Albert
Gregory B. Linkh
GLANCY BINKOW & GOLDBERG LLP
122 East 42nd Street, Suite 2920
New York, NY 10168
Tel: 212-682-5340

Tom Jessee
JESSEE & JESSEE
412 E. Unaka Ave.
Johnson City, TN 37601
Tel: (423) 928-7176

Don Barrett
BARRETT LAW GROUP, P.A.
404 Court Square North
Lexington, MS 39095
Tel: (662)834-2488

*Additional Counsel for Indirect Purchaser for Resale Plaintiffs*

*/s/ James G. Stranch, III*
James G. Stranch, III
J. Gerard Stranch, IV
Joe P. Leniski, Jr.
Michael J. Wall
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North, Fourth Floor
Nashville, TN 37201
Telephone: (877) 369-0267
Email: jims@branstetterlaw.com
gerards@branstetterlaw.com
joeyl@branstetterlaw.com
mwall@branstetterlaw.com
*Lead Counsel for End Payor Plaintiffs*

George E. Barrett
David W. Garrison
Barrett Johnston, LLC
271 Second Avenue North
Nashville, TN 37201
Telephone: (615) 244-2202
James R. Dugan
The Dugan Law Firm
365 Canal St., Suite 1000
New Orleans, LA 70130
Telephone: (504) 648-0180

Christopher M. Burke
Kristen M. Anderson
Penelope D. Abdiel
Scott+Scott LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565

Christopher A. Seeger
Seeger Weiss, LLP
77 Water Street, 26th Floor
New York, NY 10005
Telephone: (212) 584-0700

Joseph P. Guglielmo
Judy Scolnick
Scott+Scott LLP
500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: (212) 223-6444

Kenneth A. Wexler
Edward A. Wallace
Bethany R. Turke
Justin N. Boley
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Fax: (312) 346-0022

*Additional Counsel for the End Payor Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2014, a copy of the foregoing document was served on counsel of record for all parties through the Court's CM/ECF system.

                                          _/s/ Lee Albert_____
                                          Lee Albert

# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| In Re: | Lead Case No. 2:12-cv-4 |
|---|---|
| SKELAXIN (METAXALONE) ANTITRUST LITIGATION | MDL No. 2343 |
| | Judge Curtis L. Collier |

## RESPONSES AND OBJECTIONS OF NON-PARTY CRAVATH, SWAINE & MOORE LLP TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, non-party Cravath, Swaine & Moore LLP ("Cravath") submits the following responses and objections to the subpoena of plaintiffs served on January 2, 2014 (the "Subpoena").

### General Objections

1. Cravath objects to the Subpoena on the grounds that it contravenes Court-ordered deadlines and agreements between the parties in this action concerning the timing and scope of discovery.

2. Cravath objects to the Subpoena on the grounds that it is duplicative of discovery that plaintiffs have already sought, are seeking, or will seek from parties in this action.

3. Cravath objects to the Subpoena on the grounds that it is premature in that a motion to obtain the same or similar discovery from parties in this action is currently pending before the Court.

4. Cravath objects to the Subpoena to the extent that it purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Tennessee (collectively, the "Rules"), or other applicable law.

5. Cravath objects to the Subpoena on the grounds that it is unduly

burdensome.

6. Cravath objects to the Subpoena on the grounds that it imposes significant and unreasonable expense or inconvenience on Cravath, and because plaintiffs have failed to "take reasonable steps to avoid imposing undue burden or expense on" non-party Cravath, as required by Rule 45(d)(1) of the Federal Rules of Civil Procedure.

7. Cravath objects to the Subpoena to the extent it seeks information that is: (i) not in Cravath's possession, custody or control; (ii) cumulative or duplicative; (iii) public, already in plaintiffs' possession or otherwise available from other sources to which plaintiff has access; (iv) available from a party in this action; or (v) otherwise available through a more convenient, more efficient, less burdensome or less expensive means than this Subpoena.

8. Cravath objects to the Subpoena to the extent that it seeks "all" documents or communications concerning the subject matters referenced therein, to the extent that it purports to impose an obligation on Cravath to conduct anything beyond a reasonable search for responsive documents from readily-accessible sources, or otherwise seeks the discovery of information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence.

9. Cravath objects to the Subpoena to the extent that it is overbroad, vague and ambiguous.

10. Cravath objects to the Subpoena to the extent it seeks information that is protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, protection or

2

immunity or that is otherwise protected from disclosure under applicable law. Cravath hereby asserts all such applicable privileges and protections, and will exclude privileged or protected information from any response to the Subpoena. Any disclosure of such privileged or protected information is inadvertent and is not a waiver of those privileges or protections. Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Cravath does not object to a Request on the basis of an applicable privilege, protection or immunity.

11. Cravath objects to the Subpoena to the extent that it seeks documents that are competitively sensitive or that contain sensitive information about Cravath or its clients that is irrelevant to this action or to the Requests in the Subpoena.

12. Cravath objects to the Subpoena to the extent it seeks documents provided to a government entity or regulator on a confidential basis and/or subject to the protections applicable to a government investigation or inquiry, including, but not limited to, records or information compiled for the purposes of communications with a government entity.

13. Cravath objects to the Subpoena on the grounds and to the extent that it seeks documents Cravath is barred from disclosing because of confidentiality obligations, court orders, or agreements with third parties.

14. Cravath objects to the definitions of "Document" and "Documents" on the grounds that they are overbroad and unduly burdensome.

15. Cravath objects to Instruction 1 on the grounds that it is unduly burdensome. Cravath is a non-party law firm whose files are largely protected by the

3

attorney-client privilege and work product protection. Cravath will not provide a privilege log.

16. Cravath objects to Instruction 4 on the grounds that it is unduly burdensome and purports to impose obligations that are beyond what is required by the Rules and other applicable law.

17. Cravath objects to Instruction 5 on the grounds that it is unduly burdensome and purports to impose obligations that are beyond what is required by the Rules and other applicable law.

18. Cravath objects to Instruction 7 on the grounds that it is vague, ambiguous and unduly burdensome, and that it purports to impose obligations beyond what is required by the Rules and other applicable law.

19. Cravath's responses and objections to the Subpoena are made to the best of Cravath's present knowledge, information and belief. Cravath reserves the right to supplement and/or amend its responses and objections to the Subpoena.

20. The above general objections apply to each of the Subpoena's specific Requests, and are hereby incorporated into each of Cravath's specific responses and objections set forth below. Cravath's specific responses and objections may repeat or restate a general objection for emphasis or some other reason; however, the failure to repeat or restate a general objection in Cravath's specific responses and objections shall not constitute a waiver of any general objection.

4

## Specific Objections

### Document Request No. 1:

All documents relating to The Litigation, including but not limited to:

    a.    All pleadings and correspondence filed with or sent to the Court;

    b.    All transcripts of court hearings;

    c.    All documents exchanged between the parties to the Litigation, whether produced pursuant to a discovery request issued in the Litigation or exchanged informally, and all communications describing, enclosing, or negotiating the scope of such document production(s);

    d.    All document requests, interrogatories, requests to admit, and all objections and responses thereto;

    e.    All documents provided by any third party(ies) to the Litigation, whether produced pursuant to a subpoena issued in the Litigation or otherwise provided by the third party to any party(ies) in the Litigation;

    f.    All notices of depositions issued and transcripts of depositions taken in the Litigation;

### Response to Document Request No. 1:

In addition to the foregoing General Objections, which are incorporated herein by reference, Cravath objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Cravath further objects to this Request on the grounds that it seeks documents that are not in Cravath's possession, custody or control, or that are available publicly or from a more convenient, less burdensome or less expensive source than Cravath. Cravath also objects to this Request on the grounds that it seeks documents that are protected by the attorney-client privilege and/or attorney work product protection.

### Document Request No. 2:

All documents relating to communications between the parties to the Litigation relating in any way to the Litigation.

5

**Response to Document Request No. 2:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Cravath objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Cravath further objects to this Request on the grounds that it seeks documents that are not in Cravath's possession, custody or control, or that are available publicly or from a more convenient, less burdensome or less expensive source than Cravath.

**Document Request No. 3:**

All documents relating to communications between any party to the Litigation and the Federal Trade Commission relating to Skelaxin.

**Response to Document Request No. 3:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Cravath objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Cravath further objects to this Request on the grounds that it seeks documents that are not in Cravath's possession, custody or control, or that are available publicly or from a more convenient, less burdensome or less expensive source than Cravath.

**Document Request No. 4:**

All documents relating to, reflecting, or otherwise providing the basis for King's allegations and counterclaims made in its April 16, 2003 Answer and Counterclaims filed in the Litigation, attached hereto as Exhibit B.

**Response to Document Request No. 4:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Cravath objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Cravath further objects to this Request

6

on the grounds that it seeks documents that are not in Cravath's possession, custody or control, or that are available publicly or from a more convenient, less burdensome or less expensive source than Cravath. Cravath also objects to this Request on the grounds that it seeks documents that are protected by the attorney-client privilege and/or attorney work product protection.

**Document Request No. 5:**

All documents relating to draft and final versions of the Asset Purchase Agreement between the parties to the Litigation, including all documents relating to the negotiation of the Asset Purchase Agreement and the terms of the final Asset Purchase Agreement closed between Elan and King.

**Response to Document Request No. 5:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Cravath objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Cravath further objects to this Request on the grounds that it seeks documents that are not in Cravath's possession, custody or control, or that are available publicly or from a more convenient, less burdensome or less expensive source than Cravath. Cravath also objects to this Request on the grounds that it seeks documents that are protected by the attorney-client privilege and/or attorney work product protection.

**Document Request No. 6:**

All documents relating to the resolution of the Litigation.

**Response to Document Request No. 6:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Cravath objects to this Request on the grounds that it is overbroad and unduly burdensome. Cravath further objects to this Request on the grounds that it

7

Case 1:12-md-02343-CLC-WBC Document 511 Filed 01/31/14 Page 16 of 19 PageID #: 17573

seeks documents that are not in Cravath's possession, custody or control, or that are available publicly or from a more convenient, less burdensome or less expensive source than Cravath. Cravath also objects to this Request on the grounds that it seeks documents that are protected by the attorney-client privilege and/or attorney work product protection.

**Document Request No. 7:**

All documents reflecting King's valuation of the assets and businesses it intended to, and ultimately did, purchase from Elan, in particular Skelaxin.

**Response to Document Request No. 7:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Cravath objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Cravath further objects to this Request on the grounds that it seeks documents that are not in Cravath's possession, custody or control, or that are available publicly or from a more convenient, less burdensome or less expensive source than Cravath.

**Document Request No. 8:**

All documents Elan provided to King as due diligence related to the Asset Purchase Agreement.

**Response to Document Request No. 8:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Cravath objects to this Request on the grounds that it is overbroad and unduly burdensome. Cravath further objects to this Request on the grounds that it seeks documents that are not in Cravath's possession, custody or control, or that are available publicly or from a more convenient, less burdensome or less expensive source than Cravath.

8

**Document Request No. 9:**

All documents relating to communications between King or its attorneys and the Food and Drug Administration and/or Patent and Trademark Office relating to Skelaxin.

**Response to Document Request No. 9:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Cravath objects to this Request on the grounds that it is overbroad and unduly burdensome. Cravath further objects to this Request on the grounds that it seeks documents that are not in Cravath's possession, custody or control, or that are available publicly or from a more convenient, less burdensome or less expensive source than Cravath.

**Document Request No. 10:**

All documents relating to communications between King or its attorneys and the Federal Trade Commission relating to Skelaxin.

9

**Response to Document Request No. 10:**

In addition to the foregoing General Objections, which are incorporated herein by reference, Cravath objects to this Request on the grounds that it is overbroad and unduly burdensome. Cravath further objects to this Request on the grounds that it seeks documents that are not in Cravath's possession, custody or control, or that are available publicly or from a more convenient, less burdensome or less expensive source than Cravath.

Dated: January 16, 2014

CRAVATH, SWAINE & MOORE LLP,

By *Rory O Millson /DAH*
Rory O. Millson
Member of the Firm

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

10