THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| In Re: | Lead Case No. 2:12-cv-4 |
|---|---|
| SKELAXIN (METAXALONE) ANTITRUST LITIGATION | MDL No. 2343 |
| | Judge Curtis L. Collier |
| THIS DOCUMENT RELATES TO: All Indirect Purchaser for Resale Actions | |

**INDIRECT PURCHASER FOR RESALE PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 30, 2014 ORDER DENYING CLASS CERTIFICATION**

Indirect Purchaser for Resale Plaintiffs ("IPPs") hereby move this Court to reconsider its January 30, 2014 order denying class certification (ECF No. 508) ("Order") and certify the below four subclasses:[1]

California Subclass: All persons and entities that indirectly purchased Skelaxin for resale in California at any time during the period November 4, 2005 through and until the anticompetitive effects of Defendants' conduct ceased or ceases (the "Class Period").

Michigan Subclass: All persons and entities that indirectly purchased Skelaxin for resale in Michigan at any time during the period November 4, 2005 through and until the anticompetitive effects of Defendants' conduct ceased or ceases (the "Class Period").

Mississippi Subclass: All persons and entities that indirectly purchased Skelaxin for resale in Mississippi at any time during the period November 4, 2005 through and until the anticompetitive effects of Defendants' conduct ceased or ceases (the "Class Period").

---

[1] Although IPPs believe their originally proposed subclasses were properly limited to purchases made in each subclass state, these proposed subclasses are modified slightly from those set out in IPPs' original motion to make clear that membership turns on purchases in the state, not just operation of a business in the state.

1

<u>New York Subclass</u>: All persons and entities that indirectly purchased Skelaxin for resale in New York at any time during the period November 4, 2005 through and until the anticompetitive effects of Defendants' conduct ceased or ceases (the "Class Period").

As set forth in the accompanying memorandum, reconsideration is appropriate because, respectfully, this Court erroneously concluded (1) that the class representatives had not purchased Skelaxin in each of those states when the record affirmatively demonstrates that each class representative operates its business and purchases Skelaxin in the state where it is based, and (2) that individualized issues existed as to pharmacies with operations in multiple states when these individualized issues affect just five-hundredths of one percent of the subclass members such that any individualized issues do not predominate over the myriad common issues in this case. Thus, reconsideration of the Order and certification of the four state subclasses is appropriate to "correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare* Fund, 89 F. App'x 949, 959 (6th Cir. 2004).

Respectfully submitted,

Dated: February 12, 2014.

/s/ *Gordon Ball*
Gordon Ball
LAW OFFICES OF GORDON BALL
7001 Old Kent Drive
Knoxville, TN 37919
Tel: (865) 525-7028

*Lead Counsel for the Indirect Purchaser for Resale Class*

Brent W. Landau
HAUSFELD LLP
1604 Locust Street, Second Floor
Philadelphia, PA 19103
Tel: (215) 985-3273

Kimberly A. Kralowec
Kathleen Styles Rogers
THE KRALOWEC LAW GROUP
188 The Embarcadero, Suite 800
San Francisco, CA 94105
Tel: (415) 546-6800

Scott H. McNutt
Shane Moses
MCNUTT LAW GROUP, LLP
188 The Embarcadero, Suite 800
San Francisco, CA 94105
Tel: 415-995-8475

*Additional Counsel for Indirect Purchaser for Resale Plaintiff Bidwell Pharmacy & Medical Supply, Inc.*

Keith D. Stewart
BURROUGHS, COLLINS & NEWCOMB, PLC
900 South Gay Street, Suite 600
Post Office Box 551
Knoxville, TN 37901-0551
Tel: (865) 342-1040
Fax: (865) 342-1041

 Lee Albert
Gregory B. Linkh
GLANCY BINKOW & GOLDBERG LLP
122 East 42nd Street, Suite 2920
New York, NY 10168
Tel: 212-682-5340

*Additional Counsel for Indirect Purchaser for Resale Plaintiff Knight Pharmacy, Inc.*

Michael D. Hausfeld
Nathaniel C. Giddings
HAUSFELD LLP
1700 K Street, Suite 650
Washington, DC 20006
Tel: (202) 540-7200

*Additional Counsel for Indirect Purchaser for Resale Plaintiffs Johnson's Village Pharmacy, Inc., Russell's Mr. Discount Drugs, Inc., and Bidwell Pharmacy and Medical Supply, Inc.*

Robert L. Bowman
KRAMER RAYSON LLP
800 S. Gay Street, Suite 2500
Knoxville, TN 37929
Tel: (865) 525-5134

Tom Jessee
JESSEE & JESSEE
412 E. Unaka Ave.
Johnson City, TN 37601
Tel: (423) 928-7176

Arthur N. Bailey
ARTHUR N. BAILEY & ASSOCIATES
111 West Second Street, Suite 4500
Jamestown, NY 14701
Tel: (716) 664-2967

Don Barrett
BARRETT LAW GROUP, P.A.
404 Court Square North
Lexington, MS 39095
Tel: (662)834-2488

*Additional Counsel for Indirect Purchaser for Resale Plaintiffs Johnson's Village Pharmacy, Inc. and Russell's Mr. Discount Drugs, Inc.*

*Counsel for the Proposed Indirect Purchaser for Resale Class*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 12, 2014, a copy of the foregoing was electronically served on counsel of record for all parties via the Court's CM/ECF system.

Dated: February 12, 2014.              /s/ *Brent W. Landau*
                                          Brent W. Landau
                                          HAUSFELD LLP
                                          1604 Locust Street, Second Floor
                                          Philadelphia, PA 19103
                                          Tel: (215) 985-3273