# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: SKELAXIN (METAXALONE) ANTITRUST LITIGATION | MDL No. 2343 |
| This Document Relates To: All Direct Purchaser Class Actions | |

**ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' UNOPPOSED MOTION FOR CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT, APPOINTMENT OF CLASS COUNSEL, PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE CLASS, AND SETTING THE FINAL SETTLEMENT SCHEDULE AND DATE FOR A FAIRNESS HEARING**

Upon review and consideration of the Settlement Agreement, dated February 24, 2014, and Direct Purchaser Class Plaintiffs' Unopposed Motion for Class Certification for Purposes of Settlement, Appointment of Class Counsel, Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, and Setting the Final Settlement Schedule and Date for a Fairness Hearing, and their Memorandum of Law in Support thereof and exhibits thereto (collectively, the "Settlement Documents"), IT IS HEREBY ORDERED as follows:

### Jurisdiction

1. This Court has subject matter jurisdiction over this case and has jurisdiction over this action and each of the representative class plaintiffs Professional Drug Company, Inc. ("Professional Drug"), Meijer, Inc. and Meijer Distribution, Inc. ("Meijer"), Rochester Drug Co-Operative, Inc. ("RDC"), Stephen L. LaFrance Pharmacy, Inc. d/b/a SAJ Distributors and Stephen L. LaFrance Holdings, Inc. ("LaFrance"), and Ahold USA, Inc. ("Ahold") (together,

"Direct Purchaser Class Plaintiffs") and defendants King Pharmaceuticals, Inc. and Mutual Pharmaceutical Company, Inc. (together, "Defendants").

**Certification of the Proposed Direct Purchaser Settlement Class**

2. The Court makes the following determinations as required by Rule 23 solely in connection with the proposed settlement:

   a. Pursuant to Fed. R. Civ. P. 23(c)(l)(B), the Class, which shall hereinafter be denominated the "Direct Purchaser Settlement Class," is defined as follows:

   > All persons or entities in the United States and its territories who purchased Skelaxin directly from King at any time during the period November 4, 2005 through and until the date on which the Court certifies the Direct Purchaser Settlement Class (the "Class Period").
   >
   > Excluded from the Class are Defendants and their officers, directors, management, employees, subsidiaries, and affiliates, and all federal governmental entities.

   b. The Direct Purchaser Settlement Class has at least 48 members geographically dispersed throughout the United States. Pursuant to Rule 23(a)(1), the Court determines that the Direct Purchaser Settlement Class is so numerous that joinder of all members is impracticable.

   c. Pursuant to Fed. R. Civ. P. 23(c)(l)(B), the Court determines that the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions solely for purposes of settlement:

      i. Whether the conduct challenged by the Direct Purchaser Settlement Class as anticompetitive in the Consolidated Direct Purchaser Class Action Complaint, filed November 2, 2012 (Dkt. No. 65) (the "DPCP Complaint") constituted a conspiracy in violation of Section 1 of the Sherman Act 15 U.S.C. § 1 and/or constitutes monopolization or

2

attempted monopolization in violation Section 2 of the Sherman Act, 15 U.S.C. § 2;

    ii. Whether Defendants' challenged conduct substantially affected interstate commerce and caused antitrust injury-in-fact to the Direct Purchaser Settlement Class, in the nature of overcharges paid as a result of the higher prices paid directly by Direct Purchaser Settlement Class members to one or both of Defendants for Skelaxin; and

    iii. The amount of overcharge damages, if any, owed to the Direct Purchaser Settlement Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C. § 15.

d. The Court determines that the foregoing class-wide issues relating to claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23(a)(2) solely for purposes of settlement.

e. The Direct Purchaser Class Plaintiffs – Professional Drug, Meijer, RDC, LaFrance, and Ahold – are hereby appointed as representatives of the Class, for the following reasons:

    i. The Direct Purchaser Class Plaintiffs allege on behalf of the Direct Purchaser Settlement Class the same manner of injury from the same course of conduct that they complain of themselves, and the Direct Purchaser Class Plaintiffs assert on their own behalf the same legal theory that they assert for the Direct Purchaser Settlement Class. The Court therefore determines that the Direct Purchaser Class Plaintiffs' claims are

3

typical of the claims of the proposed Direct Purchaser Settlement Class within the meaning of Rule 23(a)(3); and

    ii. Pursuant to Rule 23(a)(4), the Court determines, in connection with and solely for purposes of settlement, that the Direct Purchaser Class Plaintiffs will fairly and adequately protect the interests of the Direct Purchaser Settlement Class. The Direct Purchaser Class Plaintiffs' interests in connection with settlement do not conflict with the interests of absent members of the Direct Purchaser Settlement Class. All of the Direct Purchaser Settlement Class members share a common interest in proving Defendant's alleged anti-competitive conduct, and all Direct Purchaser Settlement Class members share a common interest in recovering the overcharge damages sought in the DPCP Complaint. Counsel for the Direct Purchaser Class Plaintiffs are well-qualified to represent the Direct Purchaser Settlement Class in this case, given their experience in prior cases and the vigor with which they have prosecuted this action thus far.

f. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members and, in light of the classwide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Direct Purchaser Settlement Class as a whole, predominate over those issues that are subject only to individualized proof. *See In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 535

4

(6th Cir. 2008); *Amgen, Inc. v. Conn. Retirement Plans and Trust Funds*, 133 S. Ct. 1184, 1196 (2013).

    g. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Direct Purchaser Settlement Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the Settlement preliminarily approved in this Order.

    h. Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court, having considered the factors provided in Rule 23(g)(1)(A), hereby appoints the following counsel as Lead Counsel for the Class ("Plaintiffs' Lead Class Counsel"), who are directed to ensure that any remaining work in this litigation that is performed by any counsel listed on the DPCP Complaint ("Class Counsel") is performed efficiently and without duplication of effort:

> Thomas M. Sobol
> Lauren G. Barnes
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 55 Cambridge Parkway, Suite 301
> Cambridge, MA  02142
> Tel: (617) 482-3700

### Approval of the Proposed Settlement

3.     The ultimate approval of a class action settlement requires a finding that the settlement is fair, adequate, and reasonable. *See, e.g.*, *In re Skechers Toning Shoe Prods. Liab. Litig.*, MDL 2308, 2012 WL 3312668, at *8 (W.D. Ky. Aug. 13, 2012); *Smith v. Ajax Magnethermic Corp.*, 4:02CV0980, 2007 WL 3355080, at *5 (N.D. Oh. Nov. 7, 2007); *In re*

5

*Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 352 (N.D. Oh. 2001). "When a "settlement is the result of extensive negotiations by experienced counsel, the Court should presume it fair." *Inter-Op Hip Prosthesis,* 204 F.R.D. at 351 (citation omitted). As a court in this Circuit recently noted, where "settlement negotiations were conducted at arm's-length by adversarial parties and experienced counsel … itself is indicative of fairness, reasonableness, and adequacy." *Dallas v. Alcatel-Lucent USA, Inc.*, 09-14596, 2013 WL 2197624, at *9 (E.D. Mich. May 20, 2013). The proposed Settlement Agreement satisfies this standard.

4. Upon review of the record and the Settlement Documents, the Court finds that the proposed Settlement, which includes a cash payment of $73 million by Defendants into an escrow account for the benefit of the Direct Purchaser Settlement Class ("Settlement Fund") in exchange for, *inter alia,* dismissal of the litigation with prejudice and defined releases of claims by Direct Purchaser Class Plaintiffs and the Direct Purchaser Settlement Class as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the final fairness hearing provided for below.

### Approval of the Plan of Notice to the Direct Purchaser Settlement Class

5. The proposed form of Notice to Direct Purchaser Settlement Class members of the pendency and proposed settlement of this action ("Settlement Notice") and the proposed method of dissemination of the Settlement Notice by first class mail satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved. No later than 45 days following the entry of this Order, Plaintiffs' Lead Class Counsel shall cause the Settlement Notice substantially in the form attached hereto as Exhibit A to be disseminated via first class mail to the last known address of

6

each entity that purchased Skelaxin directly from Defendant King Pharmaceuticals, Inc. during the Class Period. Plaintiffs' Lead Class Counsel shall also post the Settlement Notice on the internet at www.skelaxindirectsettlement.com.

6. Potential Direct Purchaser Settlement Class members may request exclusion from the Direct Purchaser Settlement Class or object to the settlement no later than 45 days from the date on the Notice. Plaintiffs' Lead Class Counsel or their designee shall monitor and record any and all opt out requests that are received.

7. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Defendants shall serve notices as required under CAFA within ten (10) days from the date Direct Purchaser Class Plaintiffs file the Settlement Documents.

8. The Court appoints Rust Consulting, Inc. as Settlement Administrator to assist in disseminating the Settlement Notice to the Class and, if the Settlement is approved, administration of the distribution of the Settlement Fund to members of the Direct Purchaser Settlement Class. Robin Niemiec of Rust Consulting, Inc. has submitted a declaration setting forth Rust's qualifications, annexed as Exhibit 3 to the Settlement Documents. All expenses incurred by the Settlement Administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund, although Court approval shall not be required for disbursements or distributions of such expenses for amounts (in the aggregate) of less than $45,000.

9. The Court appoints The Huntington National Bank to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable from the Settlement Fund, although Court approval shall not be required for

disbursements or distributions of such expenses for amounts (in the aggregate) of less than $45,000.  A copy of the Escrow Agreement executed by The Huntington National Bank, Plaintiffs' Lead Class Counsel, and counsel for Defendants is attached as Exhibit 4 to the Settlement Documents.

## Final Fairness Hearing

10. A hearing on final approval of the settlement (the "Fairness Hearing") shall be held before this Court on September 9, 2014 , at 10am Eastern time, in the courtroom assigned to the Honorable Curtis L. Collier, U.S.D.J., at the United States District Court for the Eastern District of Tennessee, Joel W. Solomon Federal Building, United States Courthouse, 900 Georgia Avenue, Chattanooga, TN 37402.  At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness, and adequacy of the settlement and whether the settlement should be finally approved; (b) whether the Court should approve the proposed plan of allocation of the Settlement Fund among Direct Purchaser Settlement Class members; (c) whether the Court should approve awards of attorneys' fees and expenses to Class Counsel; (d) whether incentive awards should be awarded to the Direct Purchaser Class Plaintiffs and in what amounts; and (e) whether entry of a final judgment terminating this litigation should be entered.  The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice.  Class Counsel shall be responsible for communicating any such notice promptly to Direct Purchaser Settlement Class members by posting conspicuous notice on their websites and www.skelaxindirectsettlement.com.

11. All briefs and materials in support of the fee petition by Class Counsel and any application for incentive awards for the Direct Purchaser Class Plaintiffs shall be filed with the Court no later than May 30, 2014 (*i.e.*, 30 days following the entry of this Order) and posted on the internet at www.skelaxindirectsettlement.com.

12. Class members who wish to object with respect to the proposed settlement and/or appear in person at the Fairness Hearing must first send an objection and, if intending to appear, a notice of intention to appear, along with a summary statement outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the Eastern District of Tennessee, Joel W. Solomon Federal Building, United States Courthouse, 900 Georgia Avenue, Chattanooga, TN 37402, with copies to the following counsel:

*On behalf of Plaintiffs and the Class:*

Thomas M. Sobol
Lauren G. Barnes
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
(617) 482-3700

*On behalf of Defendants:*

Saul P. Morgenstern
Andrew B. Solow
Karin E. Garvey
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: (212) 836-1000
*Counsel for King Pharmaceuticals, Inc.*

Jeffrey Weinberger
Stuart Senator
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Tel: (213) 683-9528
*Counsel for Mutual Pharmaceutical Company, Inc.*

The objection and/or notice of intention to appear shall state that they relate to *In Re: Skelaxin (Metaxalone) Antitrust Litigation, MDL No. 2343 (E.D. Tenn.).* To be valid, any such objection

and/or notice of intention to appear must be postmarked no later than July 31, 2014 (*i.e.*, within 45 days from mailing of Settlement Notice to the Direct Purchaser Settlement Class) and it must include the Direct Purchaser Settlement Class member's name, address, telephone number, and signature. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed settlement. All persons and entities who fail to file a notice of intention to appear or a letter stating reasons for objecting as provided above shall be deemed to have waived any objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing.

13. All briefs and materials in support of final approval of the settlement and entry of the final judgment proposed by the parties to the Settlement Agreement shall be filed with the Court no later than August 21, 2014 (*i.e.*, within 111 days from this Order granting preliminary approval of the settlement).

14. All proceedings in the Direct Purchaser Class Plaintiffs' actions against the Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the settlement and, if it approves the settlement, enters final judgment and dismisses these actions with prejudice.

15. In the event that the settlement does not become final as to either or both Defendants, litigation of the Direct Purchaser Class Plaintiffs' actions will resume in a reasonable manner to be approved by the Court upon joint application by the Direct Purchaser Class Plaintiffs and either or both Defendants as necessary.

16. In the event the Settlement Agreement and the settlement are terminated and/or rescinded in accordance with the applicable provisions of the Settlement Agreement, (a) the Settlement Agreement, the settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void and have no further

force and effect; (b) Direct Purchaser Class Plaintiffs shall retain full rights to assert any and all causes of action against Defendant(s) and any other released party; and (c) Defendant(s) and any other released parties shall retain any and all defenses and counterclaims hereto. These actions shall hereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed by Direct Purchaser Class Plaintiffs and Defendant(s).

17. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted against Defendants or as to any liability by Defendants as to any matter set forth in this Order or to whether any class may certified for purposes of litigation and trial.

SO ORDERED.

/s/_____
Hon. Curtis L. Collier
U.S. District Court for the Eastern District of Tennessee