THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| In re:<br><br>SKELAXIN (METAXALONE) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS | Lead Case No. 1:12-cv-194<br><br>MDL Case No. 1:12-md-2343<br><br>Judge Curtis L. Collier |

### END-PAYOR PLAINTIFFS' MOTION FOR
### FINAL APPROVAL OF PROPOSED CLASS SETTLEMENT

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, United Food and Commercial Workers Union and Midwest Health Benefits Fund, Pirelli Armstrong Retiree Medical Benefits Trust, Allied Services Division Welfare Fund, Plumbers and Pipefitters Local 572 Health and Welfare Fund, Louisiana Health Service Indemnity Company d/b/a Blue Cross Blue Shield of Louisiana and Laborers Trust Fund for Northern California ("Class Representatives"), on behalf of themselves and the putative Settlement Class they seek to represent (collectively "Class Plaintiffs" or "End-Payors"), respectfully submit this Motion for motion for final approval of the proposed Settlement of this class action with Defendant Mutual Pharmaceutical Company, Inc. ("Mutual"), approval of the Plan of Allocation of the Net Settlement Fund, and final certification of the Class for purposes of the Settlement.

By its Order of August 5, 2014 [Dkt. 781], the Court preliminarily approved the proposed settlement as fair, reasonable, and adequate, and certified the following Class for purposes of settlement. The Court also conditionally certified the following Class for settlement purposes only and for purposes of effectuating the proposed settlement:

All persons or entities in the United States and its territories who purchased and/or paid for some or all of the purchase price for Skelaxin and/or its AB-rated generic equivalents in Arizona, Arkansas, California, the District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Vermont, Virginia, West Virginia, or Wisconsin (collectively, the "Class States"), in any form, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries, other than for resale, during the Class Period. For purposes of the Class definition, persons or entities "purchased" Skelaxin or its generic equivalent if they paid or reimbursed some or all of the purchase price.

Excluded from the Settlement Class are:

a. Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal, state and municipal government entities, except for government funded employee benefit plans;

b. Fully insured health plans (*i.e.*, plans that purchased insurance from another third-party payor ("TPP") covering 100% of the Plan's reimbursement obligations to its members);

c. "Flat co-payor" consumers whose plans at the time of purchase would have required them to pay the same fixed dollar co-payment amount for Skelaxin as for generic metaxalone. (The exclusion in this subparagraph "c" shall apply solely to the extent of purchases by such consumers with a fixed dollar co-payment and not with respect to any other purchases by such consumers); and

d. End-payors who paid for Skelaxin or generic metaxalone that was acquired solely through a prison or federal, state or municipal facility. (The exclusion in this subparagraph "d" shall apply solely to the extent of the just specified payments and not with respect to any other payments for Skelaxin or generic metaxalone by such end-payors).

The Class Period is November 4, 2005 through the date of Preliminary Approval.

The Court by its August 5, 2014 Order also: preliminarily appointed James G. Stranch III of Branstetter, Stranch & Jennings, PLLC as Lead Settlement Class Counsel; appointed the named end-payor plaintiffs as Class Representatives ("Class Plaintiffs"); approved the proposed form and plan of Class notice; appointed notice provider, settlement administrator, and escrow

2

agent; established a final settlement schedule and fairness hearing date; and stayed all case deadlines as to Mutual.

The Court also previously approved of the proposed method of notice and instructions for exclusion to the Class, all of which were executed by Class Counsel in conjunction with Settlement Administrator Kurtzman Carson Consultants LLC ("KCC"), according to the methodologies set forth in the Court's Order, which represented the best notice practicable under the circumstances and fully comported with due process. Notably, not a single request for objection to the Settlement was received from the Class, and no consumer Class Members opted-out. Valid requests for exclusion were received from only fifteen (15) third-party payor Class Members ("TPPs") representing approximately 5.9 percent of the total TPP Class prescriptions.

Having received no objections to the proposed Settlement, and for the reasons detailed in the supporting Memorandum of Law In Support filed contemporaneously herewith, Class Plaintiffs now submit that the settlement, Plan of Allocation, Class, Class Representatives and Class Counsel already preliminarily approved and certified by the Court are ripe for final approval and certification.

In support of this motion, Class Plaintiffs rely upon the entirety of the extensive record in this action, upon the supporting Memorandum of Law, the Declaration of James G. Stranch, III and its exhibits. The parties are also prepared to present oral argument to the Court and supply such additional information as the Court may request in considering this motion at the Final Approval hearing on December 15th, 2015.[1]

---

[1] Class Counsel previously filed their Motion for an Award of Attorneys' Fees and Reimbursement of Expenses with supporting documents on August 12, 2014 [Dkt. 783-785] and anticipate that the Court will also hear that motion on December 15th, 2015 in conjunction with the final approval hearing.

WHEREFORE, based on the foregoing, Class Plaintiffs' motion should be granted and the proposed form of order granting the relief sought by this motion entered.

Dated: October 30th, 2015

Respectfully submitted,

/s/ James G. Stranch, III
James G. Stranch, III
J. Gerard Stranch, IV
Joe P. Leniski, Jr.
Michael J. Wall
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North, Fourth Floor
Nashville, TN 37201
Telephone: (877) 369-0267
jims@branstetterlaw.com
gerards@branstetterlaw.com
joeyl@branstetterlaw.com
mwall@branstetterlaw.com

*Lead Counsel for the Proposed Class*

Kenneth A. Wexler
Justin N. Boley
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Fax: (312) 346-0022
kaw@wexlerwallace.com
jnb@wexlerwallace.com

Douglas S. Johnston, Jr.
David W. Garrison
Barrett Johnston, LLC
Bank of America Plaza
414 Union, Ste. 900
Nashville, TN 37219
Telephone: (615) 244-2202
djohnston@barrettjohnston.com
dgarrison@barrettjohnston.com

Christopher M. Burke
Kristen M. Anderson
Scott+Scott LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
cburke@scott-scott.com
kanderson@scott-scott.com
pabdiel@scott-scott.com

Joseph P. Guglielmo
Judy Scolnick
Scott+Scott LLP
500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: (212) 223-6444
jguglielmo@scott-scott.com
jscolnick@scott-scott.com

James R. Dugan
The Dugan Law Firm
365 Canal St., Suite 1000
New Orleans, LA 70130
Telephone: (504) 648-0180
jdugan@dugan-lawfirm.com

5

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on October 30th, 2015, a true and correct copy of the foregoing was served upon counsel of record through the Court's CM/ECF system.

                                    /s/ James G. Stranch, III
                                    James G. Stranch, III

6

Case 1:12-md-02343-CLC-CHS   Document 910   Filed 10/30/15   Page 6 of 6   PageID #: 28450